# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— :
                                                    :
DRIVE NEW JERSEY INS. CO.,          :
                                                    :          **Civ. Action No. 14-3612 (ES)**
            Plaintiff,                            :
                                                    :
        v.                                         :
                                                    :          **REPORT AND**
MANFRED NEBOLSKY, et al.,          :          **RECOMMENDATION**
                                                    :
            Defendants.                        :
————————————————————:

## I.    INTRODUCTION

This matter comes before the Court by way of Defendant the United States' ("United States" or the "Government")[1] motion to dismiss for lack of subject matter jurisdiction.  See D.E. 2.  Specifically, Defendant asserts that sovereign immunity precludes Plaintiff Drive New Jersey Insurance Company's ("Drive") action seeking a declaratory judgment.  Id. at 2.  Pursuant to Local Civil Rule 72.1, the Honorable Esther Salas, United States District Judge, referred the motion to this Court for a Report and Recommendation.  The Court heard oral argument on October 22, 2014.   For the reasons set forth below, the Undersigned respectfully recommends that the District Court grant the United States' motion and dismiss this matter for lack of subject matter jurisdiction.

---

[1] The United States Postal Service ("USPS"), an agency of the United States, was named as a defendant.  In its moving brief, the United States requested to be substituted for the USPS. See D.E. 2, at 1 n.1.  For the reasons stated herein, the Court grants this request.

## II.   FACTS

### A.  Background

This litigation arises from an automobile accident, which killed a pedestrian, V.H. Patel ("Patel").  Compl., at 2 ¶ 3, D.E. 1-1.  Central Gulf Towing Inc. and Manfred Nebolsky owned and operated a tow truck that struck and killed Mr. Patel, while the tow truck was towing a USPS vehicle.  Id. at 2 ¶¶ 3-4.  For a period of time prior to the accident, Drive insured Central Gulf and Nebolsky.  Id. at 2 ¶ 2.  Drive does not contend that the USPS or any USPS employee was negligent in the accident.  Instead, Drive contends that any USPS insurance must be made available to it because the tow truck was towing, and thus using, a USPS vehicle when the tow truck struck Mr. Patel.  Pltf's Opp'n Br., D.E. 3, at 1.

Patel's Estate initiated a lawsuit in New Jersey Superior Court, Hudson County, against Central Gulf and Nebolsky ("the State Court Action").  Compl., at 2 ¶ 3.  Drive then brought a separate declaratory judgment action seeking: (1)  a declaration as to its obligation to insure Central Gulf and/or Nebolsky, see id at 2, ¶¶ 4-5; and (2) a declaration that Central Gulf and Nebolsky are entitled to "any liability insurance coverages available to the United States Postal Service, and requiring that insurer to defend and indemnify Nebolsky/Central against that claims at issue in this case" or "in the event the USPS is self insured, pursuant to state and federal statutes, it is responsible to defend and indemnify Nebolsky/Central Gulf commensurate with applicable mandated liability limits[.]"  Id. at 3 ¶¶ 3-4.

### B.  Removal

The USPS removed Drive's Complaint from the New Jersey Superior Court to this Court.  See Notice of Removal, D.E. 1.  The United States now moves to substitute the USPS and to dismiss for lack of subject matter jurisdiction.  See Def. Br. on Mot. to Dismiss, at 1, D.E. 2.

Specifically, the United States asserts that Drive's claims sound in tort, and that Drive has failed to show that the Government has waived sovereign immunity from those claims.  Id. at 2-3.

Drive responds that Government is not immune because its claims constitute a "declaratory judgment action" that "at its root is a contract action that seeks to adjudicate the nature and extent of any insurance, or self-insurance available for an independent loss involving an accident . . . ."  See Pl. Opp'n Br. at 1, D.E. 3.  Drive asserts that Hartford Accident & Indemnity Co. v. Travelers Ins. Co., 167 N.J. Super. 335 (Law Div. 1979), establishes that Central Gulf and Nebolsky were "using" a USPS truck at the time of the accident and, as a result, Central Gulf and Nebolsky are entitled to a defense and indemnification pursuant to N.J. Stat. Ann. § 39:6A-3.  Id. at 2.  The only legal basis that Drive offers for this Court's jurisdiction Drive is 28 U.S.C. § 1442.[2]  Id. at 4.

In reply, the United States first argues that Drive has failed to explain how it can sue the United States based upon a New Jersey state law regarding motor vehicle insurance.  See Def. Reply Br. at 2, D.E. 4.  Additionally, the United States argues that if this is a contract action, then 28 U.S.C. § 1346(a)(2) precludes this Court from exercising jurisdiction over any express or implied contract with the United States that exceeds $10,000.  Id.  Furthermore, if this is a contract action, Drive lacks privity of contract with the United States.  Id. at 2-3.  The United States also asserts that, because the USPS is self-insured, there is no contract for the Court to review.  Id. at 3.

### C.  Remand

After the instant motion was fully briefed, Drive moved to remand this matter.  Contained in Drive's brief in support of removal are additional arguments in support of this Court's subject

---

[2] Section 1442 governs removal of actions and plainly does not confer jurisdiction.

matter jurisdiction.  See Pl. Br. on Mot. to Remand, D.E. 6-4.[3]  Drive asserts that the USPS, and

not the United States, is the proper defendant in this action per the Postal Reorganization Act

("PRA").  Id. at 3.  In addition, Drive claims, for the first time in any submission, that 39 U.S.C.

§ 401 waives the USPS's sovereign immunity.  Id.  Finally, Drive asserts that the USPS is bound

to defend or indemnify Central Gulf and Nebolsky under N.J. Stat. Ann. § 39:6A-3.  Id. at 4.

With respect to the motion to remand, Drive argues that under the PRA, United States

District Courts do not have exclusive jurisdiction over actions involving the USPS, and thus, this

case should be remanded.  Id. at 5.  Drive further asserts that this matter "involves issues directly

related to the New Jersey statutory scheme regulating motor vehicle insurance, as well as a state

court action to recover for wrongful death allegedly resulting from an accident that occurred

while the USPS vehicle was being used . . . ."  Id.

In opposition to the motion to remand, the United States offers four main arguments.

First, the United States argues that while 39 U.S.C. § 401 does waive the USPS's sovereign

immunity, this waiver is not absolute and the Court must instead conduct a two-part analysis of

Drive's claims as set forth in U.S. Postal Service v. Flamingo Industries (USA) Ltd., 540 U.S.

736 (2004), and FDIC v. Meyer, 510 U.S. 471 (1994).  Def. Opp'n Br. at 4-5, D.E. 10.  The

Government asserts that because Drive has failed to set forth a basis for suit pursuant to the

second part of the Meyer framework, Drive has not established the Court's subject matter

jurisdiction over this suit.  Id. at 6.  The United States also asserts that the PRA, on which Drive

now relies to establish jurisdiction, incorporates the Federal Tort Claims Act ("FTCA").  Id.

Therefore, even as to tort claims against the USPS, the FTCA remains the sole vehicle for tort

---

[3] The Court notes that Drive's arguments in its moving papers constitute a sur-reply.  For
the reasons set forth in Section III, C of the opinion, the Court will consider the arguments raised
for the first time in Drive's remand papers.

recovery.  Id.  Lastly, the United States asserts that the PRA does not make any provision for the USPS to be sued in state court on a contract or implied contract claim.  Id. at 7.

The United States also reiterates its contention that Drive's claim is a tort, not contract, action, and that Drive cannot circumvent the FTCA by "putting a different label on the pleading."  Id. at 9 (quoting Brown v. General Services Admin., 425 U.S. 820, 833 (1976)). Separately, the United States argues that this case cannot be considered a contract action as the USPS does not have auto insurance and there is no contract to be construed.  Id. at 8.  The Government heavily relies upon Continental Ins. Co. v. United States, 335 F. Supp. 2d 532 (D.N.J. 2004), for the propositions that the USPS is not required to carry auto insurance under New Jersey law and, while the Government has consented to be sued as a private person under the FTCA, it has not consented to be sued as an insurer.  Id.  at 10.  The United States argues that because Drive is pursuing the Government's self-insurance, and Drive's claim therefore is based upon the Government's status as a self-insurer (as opposed to a "private person"), the Government's sovereign immunity cannot be waived.  Id.

Third, the United States argues that the USPS is not subject to a state law claim for damages caused by a third-party's negligence and that the United States has not "clearly and affirmatively" consented to be subject to the state regulation upon which Drive's claim is based. Id. at 13.

Fourth, the United States argues that even if the Court concludes this is a contract action brought pursuant to the Declaratory Judgment Act ("DJA"), the Court still lacks jurisdiction.  Id. at 14.  First, the DJA does not create subject matter jurisdiction.  Id.  Second, the United States argues that Drive lacks standing to sue, because the only alleged contract at issue is between Central Gulf and Nebolsky and the USPS.  Id. at 15.  Third, any such contract action is subject to

the Contract Disputes Act ("CDA"), which applies to any implied contract for services.  Id. at 16.
Therefore, the Court lacks jurisdiction both because Drive failed to comply with the CDA's
procedural requirements and because all CDA disputes must be brought before the Court of
Federal Claims.  Id.

In reply, Drive disputes the United States' interpretation of Meyer, arguing that sovereign
immunity is waived once the first prong of the Meyer test is met.  Pl. Reply Br. at 3-4, D.E. 12.
Drive argues that the Continental Court did not hold that New Jersey insurance laws do not apply
to the United States.  Id. at 5.  The Court notes, however, that Drive fails yet again to offer any
authority for the proposition that New Jersey's insurance laws do apply to the federal
government.  Moreover, for the first time in any submission, Drive asserts that the USPS may
have had a contractual relationship with Central Gulf and Nebolsky and an unnamed service
station.  Id. at 6.

## III.   ANALYSIS

The United States challenges whether this Court has subject matter jurisdiction over the
claims against it and the USPS.  The Court, in deciding a motion to dismiss for lack of subject
matter jurisdiction, must determine if the challenge is based upon the complaint's face or its
facts.  Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000).  If the
jurisdictional challenge is to the face of a complaint, the Court must accept the complaint's facts
as true and then conduct a purely legal determination.  Mortensen v. First Fed. Sav. & Loan
Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); see also NJSR Surgical Cntr. LLC v. Horizon Blue
Cross Blue Shield of New Jersey, Inc., 979 F. Supp. 2d 513, 517 (D.N.J. 2013) ("Upon review of
a facial challenge, the Court views the Complaint in the light most favorable to Plaintiffs.").
However, if a factual challenge is raised, the Court "focuses on 'the existence of subject matter

6

jurisdiction in fact, quite apart from any pleadings'" and may consider evidence outside the complaint.  Hutchinson v. Weisinger, No. 12-5792 (FLW), 2014 WL 3817335, at *1 (D.N.J. Aug. 4, 2014) (quoting Mortensen, 549 F.2d at 891).  "Nevertheless, for either a facial or factual attack, the burden is on the plaintiff to prove jurisdiction."  Lozada v. Casale, No. 13-2090 (FSH), 2014 WL 3556392, at *2 (D.N.J. July 17, 2014).  Here, the United States responded to Drive's Complaint by filing a motion to dismiss for lack of subject matter jurisdiction.  Thus, the United States makes a facial challenge to Drive's Complaint.  See Green v. New Jersey, No. 11-4733 (SRC), 2014 WL 2812027, at *2 (D.N.J. June 23, 2014); NJSR Surgical, 979 F. Supp. 2d at 517.

### A.  Whether Drive's claims sound in tort or contract

Before the Court can decide the instant motion, it must determine, as a threshold issue, whether Drive's claims sound in tort or contract, because that decision will determine:  (1) whether the USPS or United States is the proper Defendant; and (2) what waiver of sovereign immunity is applicable.  If this Court determines that Drive's claims sound in tort, then the claims cannot be brought against the USPS, but must instead be brought against the United States under the FTCA.  See Millbrook v. United States, 133 S. Ct. 1441, 1443 (2013); Federal Express Corp. v. U.S. Postal Service, 151 F.3d 536, 540 (6th Cir. 1998),  If, however, Drive's claims are contractual, then the claims can be brought directly against the USPS and Sections 401(1) and 409(a) of the PRA apply here.  See Anselma Crossing, L.P. v. U.S. Postal Service, 637 F.3d 238, 240 (3d Cir. 2011).

In this case, Drive seeks declaratory relief.  Obviously, a declaratory judgment action can sound in tort, contract, or both.  Therefore, the Court must analyze the underlying claims that gives rise to the declaratory judgment action to determine whether the claims sound in tort or

contract.  See Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161-62 (9th Cir. 2005);

see also Villegas v. United States, 926 F. Supp. 2d 1185, 1198 (E.D. Wash. 2013) (concluding

that the DJA cannot be used to create jurisdiction that has been divested from the district courts

to the Court of Federal Claims).  The parties vigorously dispute how to view Drive's underlying

claims.  Drive asserts its claims sound in contract.  The United States counters that these are tort

claims and, therefore, that this Court lacks jurisdiction because of the FTCA.  After careful

consideration, the Court agrees with the Government's position and concludes that Drive mainly

asserts tort claims.

Drive emphasizes that this is a declaratory action concerning insurance coverage and not

an action for monetary damages for tortious conduct.  See Pl. Opp'n Br., D.E. 3, at 1.  In that

regard, Drive asserts that this matter "is at its root a contract action that seeks to adjudicate the

nature and extent of any insurance, or self-insurance" available to the USPS.  See id.; Pl. Br. on

Mot. to Remand at 4, D.E. 6-4.  Drive further argues under N.J. Stat. Ann. § 39:6A-3, Central

Gulf and Nebolsky are entitled to indemnification, because at the time of the accident in this

case, Central Gulf and Nebolsky were "using" a USPS truck, as defined by the New Jersey court

in Hartford.  See Pl. Br. on Mot. to Remand at 4, D.E. 6-4.

Drive's arguments fails.  Although Drive has styled its Complaint as seeking declaratory

judgment, Drive cannot circumvent the FTCA through artful pleading.  See Golden Pacific

Bancorp v. Clarke, 837 F.2d 509, 513 n.4 (D.C. Cir. 1988) (deciding plaintiff cannot circumvent

the FTCA by bringing a declaratory judgment action); see also United States v. Yellow Cab Co.,

340 U.S. 543, 554 (1951); Puget Sound Energy, Inc. v. United States, 47 Fed. Cl. 506, 510

(2000) ("In construing the true nature of a claim we look to the real underlying claim, not how

the plaintiff frames it.").  Thus, that Drive has commenced a declaratory action is insufficient by

itself to establish that this is a contract matter.  The Court must scrutinize the underlying remedy sought to determine the actual nature of the action and whether there is subject matter jurisdiction.

Drive claims this action sounds in contract.  But the USPS, as an agency of the United States, is not subject to the laws of the State of New Jersey requiring auto insurance, and indeed, has no insurance policy.  See Continental, 335 F. Supp. 2d at 538.  In Continental, an insurance company sued the United States and the USPS seeking reimbursement of Personal Injury Protection ("PIP") benefits the insurer paid to its insured.  Id. at 534.  The insurance company argued that the USPS and United States were liable under New Jersey state law.  Id. at 536-37.  The court held that the United States is not required to carry insurance, but rather is self-insured.  Id. at 543.  Further, the court found that the United States "has not waived immunity to be sued as an insurer rather than a private person under the FTCA."  Id. at 543.

Given the United States' self-insured status, there is no insurance policy, and therefore no contract, that could serve as the basis for Drive's alleged contract claims.  Although Drive has alluded to a potential contract between the USPS and an unnamed service station, it has failed to specifically identify what contract, if any, existed involving the USPS or the United States and Central Gulf and Nebolsky at the time of the underlying accident.  Certainly, no such policy has been produced.[4]  Without such an insurance policy, there is no contract for this Court to interpret, further weakening Drive's argument.

---

[4]  That omission also is significant because Drive, as the plaintiff, bears the burden of establishing subject matter jurisdiction.  That is true even when the federal government has removed the litigation is removed to federal court and disputes that it has waived sovereign immunity.  See  Tobin v. United States, 170 F. Supp. 2d 472, 476-77 (D.N.J. 2001); Donio v. United States, 746 F. Supp. 500, 504 (D.N.J. 1990).

Morerover, Drive's reliance on the <u>Hartford</u> case is misplaced.  In <u>Hartford</u>, the New Jersey Superior Court, Law Division, considered whether the act of towing a vehicle constituted a "use" of the towed vehicle under the specific insurance policy at issue in that case.  167 N.J. Super. at 338.  After a careful analysis of several cases, the court concluded that the act of towing did amount to a "use" of the towed vehicle.  <u>Id.</u> 339-41, 344.  The Court, however, limited that finding to the specific facts of that case, particularly interpretation of the policy at issue.  <u>Id.</u> at 344.  <u>Hartford</u> is clearly distinguishable from this case, because here there are no insurance policy terms for this Court to consider.  Whether "use" has similar meaning under N.J. Stat. Ann. § 39:-6A-3 was not before the <u>Hartford</u> court.

Here, the Court finds that Drive essentially alleges tort claims.  The declaratory relief Drive seeks includes a judgment that the towing of the USPS vehicle by Central Gulf and Nebolsky constituted a "use" of the USPS towed vehicle, and thus entitles Central Gulf and Nebolsky to any liability coverage or self-insurance coverage available to the USPS.  In essence, Drive seeks to hold the USPS at least partially liable for the State Court Action.  In the absence of a contract, a declaratory judgment in Drive's favor necessarily would require finding that the United States or the USPS is somehow liable in the State Court Action.  Moreover, if, for example, this Court were to view Central Gulf and Nebolsky as an independent contractor of the USPS, then Drive is, in effect, seeking to hold the USPS liable for its independent contractor's tort, which the FTCA prohibits.  <u>Norman v. United States</u>, 111 F.3d 356, 357-58 (3d Cir. 1997); <u>see also</u> <u>Jackson v. Grondolsky</u>, No. 09-5617 (NLH/KMW), 2012 WL 960450, at *5 (D.N.J. Mar. 20, 2012) (holding that a determination as to the independent contractor exception to the FTCA may be analyzed under Rule 12(b)(1)).  The Court therefore finds that this matter sounds in tort, and the jurisdictional question must be analyzed in that context.

**B.  Whether the United States or USPS is the proper Defendant**

The next issue for the Court to resolve is whether the USPS, or alternatively, the United States, is the appropriate Defendant in this case.  Drive asserts that the USPS, and not the United States, is the proper defendant.  See Pl. Br. on Mot. to Remand at 3, D.E. 6-4.  Specifically, Drive argues that suit against the USPS is expressly authorized under the PRA, and thus, the USPS is the proper defendant in this case.  Id.  As noted earlier, Drive further contends that this action is outside the FTCA because it seeks declaratory judgment.  Id. at 4.  Thus, Drive argues that the USPS can be sued in its own name.  Id. at 4-5.

The United States contends that if this Court concludes this matter is a tort action, then the FTCA applies and the United States is the only proper defendant.  Def. Opp'n Br. at 19-20, D.E. 10.  If, however, Drive's claims sound in contract, the Government contends that the proper defendant depends upon the Court's finding concerning what type of contract existed.  Id. at 20.  For instance, if the contract is an auto insurance contract, then Drive claims that the United States is the only proper defendant under Continental.  Id. (citing 335 F. Supp. 2d at 535, 543).  However, should the Court find that the contract at issue is a towing contract, then the parties to the contract would be the USPS and Nebolsky, which means that the USPS would be the appropriate defendant.[5]  Def. Opp'n Br. at 20, D.E. 10.

―――――――――――――――

[5] Section 401(1) of the PRA authorizes the USPS "to sue and be sued in its official name."  39 U.S.C. § 401(1).  Congress, however, limited that power by incorporating the FTCA, 28 U.S.C. §§ 1346(b), 2671-80, into the PRA.  See 39 U.S.C. § 409(c); Federal Express Corp., 151 F.3d at 540; see also Continental, 335 F. Supp. 2d at 535 ("In an action brought pursuant to the FTCA, the United States is the only proper defendant.") (emphasis added).

Conversely, the PRA does authorize suit against the USPS for contractual claims.  See 39 U.S.C. §§ 401(1), 409(a).  Section 409(a) of the PRA grants federal District Courts original jurisdiction over contract claims brought against the USPS.  See Licata v. United States Postal Service, 33 F.3d 259, 261-62 (3d Cir. 1994); Beckman v. United States Postal Service, 79 F. Supp. 2d 394, 406 n. 14 (S.D.N.Y. 2000) ("Although there remains some disagreement, most

For the reasons set forth above, this Court already has concluded that Drive's claims sound in tort.  Accordingly, this action falls under the umbrella of the FTCA.  Therefore, the United States is the only appropriate defendant in this matter.  Thus, the United States' request to substitute in as Defendant is proper.  See Continental, 335 F. Supp. 2d at 535.

### C.  Waiver of Sovereign Immunity

Next, the Court must determine whether the United States has waived sovereign immunity, thus permitting the instant action to proceed before this Court.

The United States "as sovereign, 'is immune from suit save as it consents to be sued  . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Therefore, absent a waiver of sovereign immunity, courts lack jurisdiction over claims brought against the United States and its agencies, including the USPS. See, e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); In re University Med. Ctr., 973 F.2d 1065, 1085 (3d Cir. 1992).

In this case, the Court must determine whether Congress has waived the United States' sovereign immunity to be sued in federal court under the FTCA.  Section 1346(b)(1) of the FTCA waives the United States's sovereign immunity from tort suits.  Levin v. United States, 133 S. Ct. 1224, 1228 (2013).  The Act provides:

---

courts have held that a claim brought against the USPS in its own name is not a claim against the United States and thus is not governed by the Tucker Act.  As such, the USPS, in contradistinction to other federal entities, may sue and be sued on contract claims in the federal district courts.").

Separately, the United States argues that if the Court found that a contract existed between the USPS and Central Gulf or Nebolsky, then Drive would lack standing to sue.  Def. Opp'n Br., D.E. 10, at 15.

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Thus, the Act confers exclusive jurisdiction over tort claims against the United States to the federal district courts.  Levin, 133 S. Ct. at 1228.  The waiver of sovereign immunity, however, is subject to the exceptions set forth in 28 U.S.C. § 2680, see Millbrook, 133 S. Ct. at 1443, and the procedures outlined in 28 U.S.C. §§ 2671-2680, which include a requirement that all administrative predicates be exhausted prior to seeking relief under the Act, see Federal Express, 151 F.3d at 540.

Though the United States has waived sovereign immunity for tort claims, this Court nevertheless cannot find that it has jurisdiction over Drive's claims.  Drive provides no indication that it has complied with the administrative requirements of the FTCA, or that the state law tort claims it seeks to pursue are within the narrow waiver of sovereign immunity the FTCA permits.  Moreover, Drive, as the plaintiff, bears the burden of establishing subject matter jurisdiction.  Tobin, 170 F. Supp. 2d at 476-77; Donio, 746 F. Supp. At 504.  In fact, in its opposition to the United States' motion to dismiss, Drive mainly relies on 28 U.S.C. § 1442 for the Court's jurisdiction.  See Pl. Opp'n Br., D.E. 3, at 4.  However, § 1442 is a removal statute that does not convey any jurisdiction, and thus Drive fails to set forth any basis for the Court to conclude that it has subject matter jurisdiction.  See Scoratow v. Smith, No. 08-1576, 2009 U.S. Dist. LEXIS 25972, at *7-8 (W.D. Pa. Mar. 27, 2009) (concluding that the District Court did not acquire jurisdiction over a claim removed from state court under the FTCA).  Nor can Drive rest

13

jurisdiction on the Declaratory Judgment Act, since that Act does not independently confer federal jurisdiction.  See Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 848 (2014); Janakes v. U.S. Postal Service, 768 F.2d 1091, 1093 (9th Cir. 1985).[6]  Based upon the foregoing, it is clear that Drive has not established that the United States or the USPS waived sovereign immunity, which would have provided this Court with subject matter jurisdiction over Drive's claims against the Government.

If the record had ended with the United States' reply brief to the motion to dismiss, the Court would end its inquiry and recommend that the District Court grant the motion to dismiss. But in its cross-motion to remand, Drive has raised wholly new arguments for waiver of sovereign immunity, and asks the Court to consider them "in conjunction with" the Government's motion to dismiss.  See Pl. Br. on Mot. to Remand at 2, D.E. 6-4.

Although the Court is authorized to disregard Drive's new arguments,[7] the Court has considered them and concludes that they do not alter the Court's conclusion that Drive has failed to establish the Court's subject matter jurisdiction.  Drive continues to dispute that the FTCA is applicable to this case, and avers that the PRA governs, and that the USPS waived sovereign immunity under Section 401(1).  See Pl's Br. on Mot. to Remand at 1-4.

---

[6] The Court notes that the DJA applies to state declaratory judgment claims removed to federal court.  See Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997); see also Owen v. Hartford Ins. Co., No. 14-294 (RBK/JS), 2014 WL 2737842, at *5 (D.N.J. June 17, 2014); Hatchigian v. State Farm Ins. Co., No. 13-2880, 2014 WL 176585, at *6 n.4 (E.D. Pa. Jan. 16, 2014).

[7] A party is prohibited from filing a sur-reply without leave of Court.  See L. Civ. R. 7.1(d)(6).  The Court may disregard any sur-reply filed without permission.  See, e.g., Miller v. Coca Cola Bottling Co., No. 12-862 (MAS) (TJB) 2013 U.S. Dist. LEXIS 90884, at *2 n.2 (D.N.J. June 28, 2013).  The Court also may disregard a sur-reply presented as a separate motion. See Hill v. Commerce Bancorp, No. 09-3685 (RBK/JS) 2010 U.S. Dist. LEXIS 59988, at *18 (D.N.J. June 17, 2010) (dismissing a second motion for summary judgment as an improper sur-reply to a pending motion for summary judgment).

Even if the Court assumes, for the sake of argument, that Drive is correct in asserting this is a contract case and the USPS can be sued in its own name, it remains that Drive has failed to establish that this Court has subject matter jurisdiction.  In <u>Flamingo Industries</u>, the Supreme Court analyzed whether the USPS could be sued under federal antitrust laws.  540 U.S. at 739. In deciding this question, the Court applied the two-step test set forth in <u>FDIC v. Meyer</u>, 510 U.S. 471 (1994).  As summarized by the Court:

> We ask first whether there is a waiver of sovereign immunity for actions against the Postal Service. If there is, we ask the second question, which is whether the substantive prohibitions of the Sherman Act apply to an independent establishment of the Executive Branch of the United States.

<u>Flamingo Industries</u>, 540 U.S. at 743.   There, the Court concluded that Section 401(1) waived the USPS's immunity.  <u>Id.</u> at 744.  After reaching this conclusion, the Court stated:

> An absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity. So we proceed to <u>Meyer</u>'s second step to determine if the substantive antitrust liability defined by the statute extends to the Postal Service.

<u>Id.</u>  The Court then analyzed the Sherman Act and concluded that Congress had not intended the Sherman Act to extend to federal agencies.  <u>Id.</u> at 748.

Drive's argument concerning the USPS's waiver of immunity suffers the same fate. Although Section 401(1) waives the USPS's sovereign immunity, that waiver is not absolute. Instead, <u>Meyers</u> requires a court to find that the "source of substantive law upon which the claimant relies provides an avenue for relief.  510 U.S. at 484.

Drive zealously contends that the <u>Meyers</u> two-party test is not necessary to establish a waiver of immunity.  Pl. Reply Br. at 3, D.E. 12.  Rather, the second prong of that test – whether the substantive law the plaintiff relies on provides an avenue for relief – is a separate inquiry

from the question of sovereign immunity, and does not affect the USPS's waiver in this case.  Id.
In that regard, Drive relies heavily on Franchise Tax Bd. of Cal. v. United States Postal Service,
467 U.S. 512 (1984).  See Pl. Reply Br. at 4, D.E. 12.

      In Franchise, the Franchise Tax Board of California served process on the USPS
requiring the USPS to withhold monies pursuant to the California Revenue and Taxation Code
from four employees' wages for outstanding taxes.  467 U.S. at 513-14.  After the USPS refused
to comply with the garnishment orders, the Board filed an action in federal court, invoking
federal jurisdiction under Section 409(a) of the PRA.  Id. at 514.  The Supreme Court considered
whether the statutory waiver of sovereign immunity in the PRA extended to the Board's
garnishment orders.  Id. at 517.  In holding that the USPS's waiver of immunity extended to
administrative process, the Supreme Court noted that "waivers by Congress of governmental
immunity . . . should be liberally construed."  467 U.S. at 517 (quoting Federal Housing Admin.
v. Burr, 309 U.S. 242, 245 (1940)).  The Court further found that "Congress has 'launched [the
Postal Service] into the commercial world'; hence . . .  not only must we liberally construe the
sue-and-be sued clause, but also we must presume that the Service's liability is the same as that
of any other business."  Id. at 520; see also Burr, 309 U.S. at 245 ("[I]t must be presumed that
when Congress launched a governmental agency into the commercial world and endowed it with
authority to 'sue or be sued', that agency is not less amenable to judicial process than a private
enterprise under like circumstances would be.").

      Drive's reliance on Franchise is therefore unavailing.  While the Court in Franchise did
hold that the PRA's "sue or be sued" clause must be liberally construed, the Court did not hold
that language to be a blanket waiver of immunity.  Moreover, the Supreme Court decided the
Meyer case after Franchise.  In Meyers, the Court recognized that the prior line of cases broadly

construed the "sue or be sued" language of the PRA.  Notwithstanding, the Court found that a waiver of sovereign immunity does not in and of itself establish a cause of action, but rather, a second inquiry into whether the underlying claim is intended to reach the USPS is required.  See Meyer, 510 U.S. at 484.

As already discussed above, the underlying claims sound in tort, and thus, the FTCA governs.  However, even if the Court were to find that Drive's claims are contractual, it remains that Drive has produced no such contract here.  The only potential contracts are (1) an auto insurance policy covering the USPS, or (2) a towing contract between Central Gulf and Nebolsky and the USPS.  The USPS, however, does not have auto insurance, but rather, it is self-insured.  See Continental, 335 F. Supp. 2d at 543.  Thus, there is no contract here.  Moreover, given the USPS's status as self-insured, it has not waived immunity to be sued as an insurer.  Id.

If the USPS was a party to a towing contract with Central Gulf and Nebolsky, that contrac, would be subject to the CDA, which applies to any contract for services.  See 41 U.S.C. § 7102.  The Third Circuit has held that the CDA, when applicable, divests district courts of jurisdiction over claims against the USPS, and confers jurisdiction to the Court of Federal Claims.  Anselma, 637 F.3d at 244-46.[8]  In Anselma, the Third Circuit recognized that the CDA

---

[8] 41 U.S.C. § 7102 provides:

(a) Executive agency contracts.--Unless otherwise specifically provided in this chapter, this chapter applies to any express or implied contract (including those of the nonappropriated fund activities described in sections 1346 and 1491 of title 28) made by an executive agency for--

(1) the procurement of property, other than real property in being;

(2) the procurement of services;

17

applies to "any express or implied contract entered into by an executive agency for the procurement of . . . services" and certain types of contracts are exempted by the CDA.  Id. at 240, 246.

   For these reasons, the Court concludes that Drive has not satisfied its burden of demonstrating that the Court has subject matter jurisdiction over its claims, even if the claims were contractual in nature.  Because the Court has already determined that the claims are sound in tort, the Court need not reach a decision on that basis.

---

   (3)  the   procurement   of   construction,   alteration, repair, or maintenance of real property; or

   (4) the disposal of personal property.

18

## IV.   CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court grant the Government's motion and all claims against the United States and United States Postal Service be dismissed for lack of subject matter jurisdiction.  The Undersigned further recommends that the Court remand the remaining claims to state court for further proceedings.[9]

The parties are reminded that pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2), they have fourteen days to file and serve any objection to this Report and Recommendation.

s/ Michael A. Hammer_____
**UNITED STATES MAGISTRATE JUDGE**

**Dated:** December 31, 2014

---

[9] Having recommended that the District Court dismiss Drive's claims against the Government for lack of federal jurisdiction, the Undersigned also must recommend that the District Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining claims.  A district court may exercise supplemental jurisdiction only if there is some claim over which it has original jurisdiction.  Where, as here, there is no claim over which the court has federal jurisdiction, it must decline to consider the remaining claims.  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) ('The federal claim must have substance sufficient to confer subject matter jurisdiction on the court' in order for the court to exercise supplemental jurisdiction.") (citing Levering & Garrigues Co. v. Morrin, 289 U.S. 103 (1933)); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) (holding that plain language of § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it."); Textile Productions, Inc. v. Mead Corp., 134 F.3d 1481, 1486 (Fed. Cir. 1998) (holding that after district court dismissed plaintiff's patent-infringement claim for lack of standing, district court "should have dismissed the contract claim without prejudice for lack of subject matter jurisdiction.").